IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MONTEZ MICKENS,**

    **Petitioner,**

**v.**

**ERNIE MOORE, Warden,**

    **Respondent.**

**CASE NO. 2:07-cv-421**
**JUDGE SMITH**
**MAGISTRATE JUDGE KEMP**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus conditionally be **GRANTED** on petitioner's claim two, in which he asserts that his sentence violated *Blakely*, that petitioner's sentence be **VACATED** and the State re-sentence petitioner within sixty days or release him. The Magistrate Judge further **RECOMMENDS** that the remainder of petitioner's claims be **DISMISSED.**

### I. PROCEDURAL HISTORY

The procedural history is detailed in this Court's *Report and Recommendation*, February 6, 2008, Doc. No. 8, but is repeated here. Petitioner was indicted by the January 9, 2004, term of the Franklin County grand jury in Case Number 04CR-2952 on nineteen counts of burglary, in violation of O.R.C. §2911.12, and three counts of attempted burglary, in violation of O.R.C. §§2923.02 and 20011.12. *Exhibit 1 to Return of Writ*. Additionally,

petitioner was indicted by the January 2004, term of the Franklin County grand jury in Case Number 04-CR-0529 on one count of burglary, in violation of O.R.C. §2911.12. *Exhibit 5 to Return of Writ.* Finally, petitioner was indicted by the January 2005 term of the Franklin County grand jury on one count of aggravated robbery, in violation of O.R.C. §2911.01, two counts of robbery, in violation of O.R.C. §2911.02, one count of carrying a concealed weapon, in violation of O.R.C. §2923.12, and one count of improperly handling firearms in a motor vehicle, in violation of O.R.C. §2923.16, with firearm specifications. *Exhibit 9 to Return of Writ.* On July 14, 2005, while represented by counsel petitioner pleaded guilty in Case Number 04CR-2952 to ten counts of burglary. *Exhibit 3 to Return of Writ.* He pleaded guilty in Case Number 04CR-528 to burglary. *Exhibit 7 to Return of Writ.* He pleaded guilty in Case Number 05CR-447 to one count of aggravated robbery with a firearm specification. *Exhibit 11 to Return of Writ.* On September 13, 2005, the trial court sentenced petitioner to an aggregate term of ten years incarceration, such sentence to be served consecutively to his sentences in Case Numbers 04CR-528 and 05CR-447; three years incarceration, such sentence to be served consecutively to his sentences in Case Numbers 04CR–2952 and 05CR-447; and an aggregate of five years incarceration, such sentence to be served consecutive to his sentences in Case Numbers 04CR-2952 and 04CR-528. *Exhibits 4, 8, and 12 to Return of Writ.* Petitioner never filed a timely appeal. On May 31, 2006, he filed two notices of appeal, *Exhibits 13 and 14 to Return of Writ*; however, on June 27, 2006, the appellate court dismissed his notice(s) of appeal as untimely. *Exhibits 16 and 17 to Return of Writ.* Thereafter, on August 14, 2006, petitioner filed a motion for delayed appeal;

2

however, on October 17, 2006, the appellate court denied petitioner's motion for delayed appeal. *Exhibit 23 to Return of Writ.* Petitioner timely appealed to the Ohio Supreme Court. *Exhibit 25 to Return of Writ.* On February 28, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 27 to Return of Writ.*

On May 11, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Denial of procedural due process of law in denying motion for delayed appeal when no waiver of record appears.
>
> The Ohio Court of Appeals deprived petitioner of his right to an appeal and counsel for appeal without state court record demonstrating a valid waive[r] of right to appeal and counsel for such appeal.
>
> 2. Sentences void.
>
> The state trial judge made and used judicial fact findings to enhance petitioner's sentence beyond statutory maximum sentence without jury intervention and without proof beyond a reasonable doubt in violation of *Apprendi v. N.J.* and *Blakely v. Washington.*
>
> 3. Ineffective assistance of trial counsel.
>
> Trial counsel failed to recognize, argue and brief the fact that the trial judge made and used judicial fact findings to enhance petitioner's statutory maximum sentence in violation of 6th and 14th Amendment[s to] United States Constitution.
>
> 4. Habeas relief must be made final as no state court remedy exists in Ohio.

3

> In lieu of *State v. Foster*, (2006), 109 Ohio St.3d 1, no state court remedy exists in Ohio to remedy *Blakely* violation because *State v. Foster, supra,* violates Ex Post Facto (due process) prohibition as well as Double Jeopardy Clause of United States Constitution.

It is the position of the respondent that all of petitioner's claims are without merit.

### CLAIM ONE

In claim one, petitioner asserts that the state appellate court improperly denied his motion for delayed appeal without first determining whether he had waived his right to appeal and to counsel on appeal. Petitioner's claim that the state appellate court improperly denied his motion for delayed appeal under Ohio Appellate Rule 5(A) fails to raise an issue appropriate for federal habeas corpus review. Such allegation addresses a collateral matter unrelated to petitioner's detention. "[T]he essence of habeas is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Further, the claim challenges neither the fact nor duration of petitioner's confinement. *See Kirby v. Dutton,* 794 F.2d 245, 246 (6th Cir. 1986).

Additionally, claims regarding the violation of state law are not appropriate for federal habeas corpus review. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does

4

not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id*. (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

That said, a criminal defendant may be unconstitutionally denied his right to appeal where he does not know about and is not informed of his right to appeal. *See Wolfe v. Randle*, 267 F.Supp.2d 743, 746-48 (S.D. Ohio 2003).

> The Constitution is violated if a convicted defendant is not given the right to appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir.2001) (citing *Goodwin v. Cardwell*, 432 F.2d 521, 522-23 (6th Cir.1970)). The defendant has ultimate authority in making certain fundamental determinations pertaining to his case, including the right to appeal. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The authority to pursue an appeal, even one following a guilty plea, is the defendant's alone. *Marrow v. United States*, 772 F.2d 525, 530 (9th Cir.1985). The decision to appeal is not the determination of defendant's lawyer. *Id*. In order to make such a decision, the defendant must have knowledge about the appeals options available to him. *United States ex rel. Smith v. McMann*, 417 F.2d 648, 654 (2d Cir.1969), cert. denied, 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970) (construing *Douglas v. California* as imposing on a state "a duty to warn every person convicted of a crime of his right to appeal...the right to appeal at the expense of the state is a mere illusion if the convicted indigent defendant does not know

> such a right exists."); *State v. Sims*, 27 Ohio St.2d 79, 272 N.E.2d 87, 91 (1971) (finding that "in the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal…it was error for the Court of Appeals to dismiss the motion for leave to appeal without making such a factual determination.")

*Id.*, at 747. However, the record does not reflect such circumstances in this case.

The state appellate court rejected petitioner's motion for delayed appeal as follows:

> Defendant seeks leave to appeal from three separate judgment entries of conviction and sentence entered by the Franklin County Court of Common Pleas on September 16, 2005. In those judgment entries, the trial court accepted defendant's guilty pleas to multiple criminal offenses and sentenced him accordingly. In all three cases, defendant failed to perfect a timely appeal as of right. Nearly 11 months after the trial court entered judgment in each of the three cases, defendant now seeks leave to appeal his sentences in those cases.
>
> Although defendant has filed three motions for leave to file a delayed appeal, his memoranda in support of those motions are virtually identical, and he has also filed the same affidavit in support of all three motions. In his affidavit, defendant asserts that he informed his trial counsel, at the sentencing hearing held on September 13, 2005, that he believed that the sentences imposed by the trial court were excessive and disproportionate. According to defendant's affidavit, his counsel informed him, at the sentencing hearing, that because the sentences were agreed to sentences they were not appealable under R.C. 2953.08(D). He states in his affidavit that "since that time I have [learned] that O.R.C. 2953.08(A)(4) & (D) do permit appeals as of right where the sentence is 'not authorized' by law." Defendant also asserts that if he had been informed that he could appeal his sentences, he would have insisted that a notice of appeal be timely filed.
>
> Although it generally would have been reasonable for defendant to rely upon statements of his counsel, the alleged

6

> rationale provided by his counsel for why he could not appeal is not otherwise supported by the record. None of the judgment entries indicates that the parties jointly made a sentencing recommendation. In addition, according to defendant, at the time of the sentencing hearing, he informed his counsel that he believed that the sentences imposed upon him were excessive and disproportionate. That stated belief would tend to indicate that he had not agreed to recommend the sentences he received, and, therefore, defendant reasonably would have known that the sole basis for his inability to appeal, as allegedly stated by his counsel, did not exist.

*Exhibit 23 to Return of Writ.* Petitioner signed entries of guilty plea indicating he understood that he could appeal "as a matter of right" from his plea and sentence within thirty days of the filing of his judgment of conviction. *See Exhibits 3, 7, 11 to Return of Writ.* At the time of petitioner's guilty plea, defense counsel requested the trial court to appoint appellate counsel on petitioner's behalf:

> Your Honor, as a preliminary matter, I'd like for the court to consider appointing counsel to Mr. Mickens should he choose to weigh any appellate matters at the conclusion of this case as he is incarcerated and is indigent.

*Transcript, Guilty Plea*, July 14, 2005, *Exhibit 31 to Return of Writ.* At sentencing, the trial court stated:

> For the record if he wants to appeal my ruling today, I will appoint counsel.

*Sentencing Transcript,* September 13, 2005, *Exhibit 31 to Return of Writ.* In view of the foregoing, petitioner's allegation here that he did not know about his right to appeal or that his attorney told him he could not appeal, *Petition*, at 13, is not credible.

Claim one is without merit.

7

## CLAIMS TWO AND THREE

In claim two, petitioner asserts that his sentence violates *Blakely* because the trial court imposed consecutive and non-minimum terms of incarceration based upon factual findings not admitted as a part of the guilty plea.

Petitioner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir.1997). Under 28 U.S.C. §2254(e)(1), the state court's factual findings are entitled to a presumption of correctness:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

*Id*. Additionally, the state court's decision is binding on this Court unless that decision is contrary to or involves an unreasonable application of clearly established federal law as determined by the United States Supreme Court:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding.

28 U.S.C. §2254(d). However, because the state courts never addressed the merits of petitioner's claim, this Court conducts a *de novo* review. *Hill v. Mitchell*, 400 F.3d 308, 313 (6th Cir.2005), citing *Maples v. Stegall,* 340 F.3d 433, 436 (6th Cir.2003).

In Case Number 04CR2952, petitioner pleaded guilty to ten third degree felony counts of burglary, each punishable by one to five years incarceration. *See Exhibit 3 to Return of Writ*; O.R.C. §2929.14(A)(3). The trial court imposed the minimum one year term for each offense of conviction, but ordered the sentences to be served consecutively to each other, as well as to his sentences in the other cases. *Sentencing Transcript, Exhibit 31 to Return of Writ.* In Case Number 04CR528, petitioner pleaded guilty to one count of second degree felony burglary, punishable by two to eight years incarceration. *See Exhibit 7 to Return of Writ*; O.R.C. 2929.14(A)(2). The trial court imposed three years incarceration, such sentence to run consecutively to the sentences in the other two cases. *Sentencing Transcript, Exhibit 31 to Return of Writ.* In Case Number 05CR447, petitioner pleaded guilty to one count of first degree felony aggravated robbery, punishable by three to ten years incarceration, with a firearm specification, which carried a mandatory one year consecutive term. *See Exhibit 11 to Return of Writ*; O.R.C. 2929.14(A)(1), (D)(1)(a)(iii). The trial court imposed four years on the burglary plus one year on the firearm specification, for an aggregate term of five years incarceration, such sentence to be served consecutively to the other sentences imposed. *Sentencing Transcript, Exhibit 31 to Return of Writ*. Thus, the trial court imposed consecutive prison terms in Case Numbers 04CR2952 and more than the

9

minimum term in Case Numbers 04CR528 and 05CR447.

The trial court justified imposition of sentence as follows:

> [O]bviously a very tragic series of events from all of these cases. The court understands its responsibility.
>
> On the Ivyhill case 2528 and 447, the statute is for presumption of incarceration unless the court can make a certain finding to overcome that presumption which it cannot.
>
> And on the 2952, the multiples of burglary they're F3's while there's no presumption either way, but for the purposes and principles of sentencing, which include the need to punish the offender and protect the public as well as to deter and rehabilitate, which are guiding factors in this case, I agree with you, Mr. Haney, I don't know when he was doing all this he was thinking of the consequences, but I'm not sure he was thinking of others either. And if he was, there's just no way.
>
> There's 20 plus separate people who were violated. And I received a letter from one of them. And I think it speaks – probably if you asked all in each event – there's more than one – but if you asked a victim in each one to write a letter, I'm not sure it would be any different than that. And this is what I hear from people who have had their house broken into.
>
> I think, Mr. Mickens, you need to hear this. The victim writes that there are two of the victims of the crime perpetrated by you. Front door of our apartment was kicked in and many valuable items irreplaceable were taken. I missed work next [sic] so we could have a new door installed. When it ends there, it doesn't sound very serious, but our sense of security was not so easily replaced. My wife's [sic] never felt safe again in our home. That is the feeling that is hard to describe. Your home is your place of sanctuary. We began to look for a new home and we moved. Your conduct forced them to move. Many items of monetary value were taken. And they went through those things and again those can all be replaced. However, my wife had a beautiful ring in the jewelry at the time that are empty, among them a high school class ring, a

ring that was a present for the first birthday we shared as a couple, others I bought her as gifts for our wedding were taken. Those things can't be replaced.

Just that fear and what you took from them speaks to the seriousness of this event. And I appreciate the things that might have been going on in your life and whatever impact your father had. And I agree with Mr. Haney. We are all sometimes victimized, but we think of what others are going through. And I agree with Mr. Haney just as he said, he has it pretty good. I have it pretty good. But that's why you get probation or community control the first time around to give some understanding on that. The judicial system isn't blind to that. It's not that we don't care about that, that we have no feelings for what struggles some people go through. That's why the legislature instructed us to lean toward community control on the first go-round and to take that into consideration after that. So you had your chance in Montgomery County, and you didn't do anything about it. And when the Ivyhill case occurred and you got out on bond, then you were either out on bond or on probation when all the other events took place. So, you know, you had your chance at probation. You had your chance at bond. And you absolutely ignored it.

So I think those factors together with the fact that you sought to prey upon residents, you at least used a gun in the Ivyhill case, one of your compatriots had a gun in the Dairy Mart case, together with the multiple residents were broken into, punishment is appropriate to protect the public. And to do anything less would demean the seriousness of these events.

Then we come to the question of whether or not these sentences should be consecutive or not. Again I will avoid and make sure that they are not disproportionate and they are designed simply to punish and protect society, but I take it into consideration. Essentially on 2952 and 447 and 528 you were either on bond or on probation when those offenses took place. I don't think it would be fair to the individual victims to have a single term. I think it would demean the seriousness of the offense and would not reflect the seriousness of the offense or protect the public as well.

11

> And I guess I would have to comment also on your brother, Mr. Prysock, who was here and now going away to prison for a long period of time, not as long as you're going to go for, but still a significant period of time. And I do think he had to accept responsibility, which he is going to do, but I believe reading the facts of the case that you were indeed the director of these events.
>
> And so for all these considerations, following all the purposes and principles of sentencing designed to both punish you, for the seriousness of the offenses, events, and to protect the public, the court [imposes sentence].

*Sentencing Transcript, Exhibit 31 to Return of Writ*, at 40-44. Thus, and contrary to the argument of respondent, the record indicates trial court justified imposition of maximum consecutive sentences based upon findings of fact in addition to petitioner's prior record that were not admitted by petitioner.

The United States Supreme Court in *Blakely* applied the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"), and held that:

> [T]he "statutory maximum"... is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.... In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," *Bishop, supra*, § 87, at 55, and the judge exceeds his proper authority.

*Blakely v. Washington, supra,* 542 U.S. at 303-304 (emphasis in original)(citations omitted).

For the reasons detailed at length by the Ohio Supreme Court in *State v. Foster,* 109 Ohio St.3d 1 (2006), this Court agrees that the trial court's imposition of consecutive non-minimum sentences under O.R.C. § 2929.14(E) violated *Blakely*.[1] As discussed by the Ohio Supreme Court in *State v. Foster, supra*,

> More than the Minimum Prison Term
>
> ... R.C. 2929.14(B)... states:
>
> "[ I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section [setting forth the basic ranges], unless one or more of the following applies:
>
> "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>
> "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
>
> Thus, Ohio has a presumptive minimum prison term that must be overcome by at least one of two judicial findings. For someone who has never been to prison before (not necessarily a first-time offender), the court must find that the shortest term will "demean the seriousness" of the crime or will inadequately protect the public; otherwise, the court must find that the offender has already been to prison to impose more than a minimum term. R.C. 2929.14(B)(2).
>
> Under R.C. 2929.14(B), therefore, a court is not authorized to exceed the shortest prison term unless it makes the additional findings. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715

---

[1] The record does not indicate that petitioner had a prior prison term.

13

N.E.2d 131 (findings required, reasons not); State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473 (findings required for first offender). Since a jury verdict alone does not determine the sentence, R.C. 2929.14(B) violates *Blakely* principles.

\*\*\*

Consecutive Prison Terms

... R.C. 2929.14(E)(4) requires the court to find that "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." In addition, at least one of three more findings of fact must be found: that the offender was already under control of the court due to an earlier conviction,FN83 that at least two of the offenses were committed as part of a course of conduct and the harm was so great or unusual that no single prison term adequately reflects the seriousness of the conduct,FN84 or that "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public." FN85

FN83. R.C. 2929.14(E)(4)(a).

FN84. R.C. 2929.14(E)(4)(b).

FN85. R.C. 2929.14(E)(4)(c).

While other state courts have held that their statutes on consecutive sentences do not violate *Blakely* ... Ohio appears to be unique in having a rule that sentences of imprisonment shall be served concurrently. *See* R.C. 2929.41(A); *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, at ¶ 11. R.C. 2929.41(A) states, " Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term." (Emphasis added .)

14

> Thus, except for certain enumerated statutes imposing nondiscretionary consecutive terms, FN87 judicial fact-finding must occur before consecutive sentences may be imposed under R.C. 2929.14(E)(4). We have held previously that R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) require trial courts that impose consecutive sentences to make the statutorily enumerated findings and to give reasons at the sentencing hearing to support those findings for review on appeal. *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473.
>
> * * *
>
> FN87. R.C. 2929.14(E)(1) through (3).
>
> Thus, with limited exceptions, the Ohio Revised Code provides that consecutive sentences in Ohio may not be imposed except after additional fact-finding by the judge .... [B]ecause the total punishment increases through consecutive sentences only after judicial findings beyond those determined by a jury or stipulated to by a defendant, R.C. 2929.14(E)(4) violates principles announced in *Blakely*.

*State v. Foster, supra*, 109 Ohio St.3d at 19-22 (footnote omitted).  The Ohio Supreme Court excised the unconstitutional provisions of its sentencing statutes in accordance with the Supreme Court's remedial action in *United States v. Booker*, 543 U.S. 234, 764 (2005)(severing and excising unconstitutional provisions of United States Sentencing Guidelines rather than invalidating sentencing guidelines in their entirety), and remanded all cases pending on direct appeal for re-sentencing.  *Id.*, at 29-31.

Citing *Washington v. Recuenco,* 126 S.Ct. 1546 (2006), respondent contends that any *Blakely* error is harmless because under *Foster*, the trial court now may impose in its discretion any sentence within the statutory range.  This Court is not persuaded by respondent's argument.

15

In *Washington v. Recuenco, supra*, state law imposed a three year sentencing enhancement if a defendant used a firearm to commit an assault, but a one year enhancement if he used a "deadly weapon." The verdict form asked the jurors whether the defendant used a "deadly weapon." They answered that question affirmatively. The evidence at trial was that defendant used a firearm to commit the assault. The lower court held that it was *Blakely* error for the trial judge to make the finding that defendant used a firearm and impose a three year sentencing enhancement instead of a one year enhancement based on the jury verdict that defendant used a deadly weapon. The United States Supreme Court held that the lower court erred in holding that the error was structural and could not be harmless. It remanded for the lower court to determine whether the facts established beyond a reasonable doubt that the *Blakely* error was harmless.

> To establish harmless error such that this Court lets stand a defendant's sentence in spite of errors at trial or sentencing below, the government must "prove that none of the defendant's substantial rights [has] been affected by the error." *United States v. Oliver*, 397 F.3d 369, 381 (6th Cir.2005) (citing Fed.R.Crim.P. 52(a)); *United States v. Barnett*, 398 F.3d 516, 530 (6th Cir.2005). *See also Arizona v. Fulminante*, 499 U.S. 279, 296, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (noting that the government bears the burden of proof on harmless error); *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (same). To carry this burden, the government must demonstrate to this Court with certainty that the error at sentencing did not "cause[ ] the defendant to receive a more severe sentence." *Oliver*, 397 F.3d at 379 (internal citation omitted); *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir.2005) ("Under the harmless error test, a remand for an error at sentencing is required unless we are

> certain that any such error was harmless.") (emphasis added).

*United State v. Johnson*, 467 F.3d 559 (6th Cir. 2006).

> In a habeas corpus proceeding, to determine whether a constitutional trial error is harmless, a federal court must decide whether the error " 'had substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), quoting *Kotteakos v. U.S.*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). If a federal judge in a habeas proceeding "is in grave doubt about whether a trial error of federal law has substantial and injurious effect or influence in determining the jury's verdict, that error is not harmless. And, the Petitioner must win." *O'Neal v. McAninch*, 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995) (internal quotation omitted). The harmless error analysis articulated in *Brecht* applies even if a federal habeas court is the first to review for harmless error. *Gilliam v. Mitchell*, 179 F.3d 990, 995 (6th Cir.1999).

*Lakin v. Stine*, 358F.Supp.2d 605, 616 (E.D. Michigan 2005).

> Under the harmless error test, a remand for an error at sentencing is required unless we are certain that any such error was harmless--i.e. any such error "did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).

*United States v. Hazelwood, supra*, 398 F.3d at 801; *United States v. Christopher*, 415 F.3d 593-94 (6th Cir. 2005)(citations omitted).

However, the record fails to reflect harmless error. The trial court justified imposition of consecutive and more than the statutory minimum sentences by use of prohibited factual findings in addition to petitioner's prior criminal record. Therefore, this Court is unable to conclude that, absent unconstitutional fact findings, the trial court would impose the same sentence.

At least one other federal habeas court has reached the opposite conclusion in regard to harmless error analysis. *See Shafer v. Wilson*, unpublished, 2007 WL 315760 (N.D. Ohio January 30, 2007)(holding that *Blakely* error was harmless since trial court may reimpose same sentence upon remand). However, this Court is unpersuaded by the reasoning in *Shafer v. Wilson, supra*.

> The flaw in [such] reasoning is that it equates a possibility of no actual prejudice in terms of the eventual sentence received with an actuality of no prejudice resulting from a constitutional error. The error in Washington may or may not have been impossible to remedy by jury factfinding, but speculation that a judge might repeat his or her sentence without explicit factfinding does not render an error harmless as a certainty. The former scenario involves the realities of state law-either it affords an avenue to render the error harmless or it does not-while the latter presupposes a reality in which but one outcome is certain. But because more than one outcome is possible upon re-sentencing, basing harmlessness on an assumed certainty is flawed. It converts the concept of harmless error in this context into a doctrine of always harmless error. Such conversion is especially dangerous when, as here, the possibility of a different sentence must logically preclude any habeas court from saying for a certainty that the error is harmless. *See United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir.2005) ("Under the harmless error test, a remand for an error at sentencing is required unless we are certain that any such error was harmless").

*Villagarcia v. Warden, Noble Correctional Institution*, Case No. 05-cv-810, 2007 WL 1028528 (S.D.Ohio March 30, 2007)(Frost, J.).

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus conditionally be **GRANTED** on petitioner's claim two, in which he asserts that his sentence violated *Blakely*, that petitioner's sentence be

18

**VACATED** and that the State re-sentence petitioner within sixty days or release him.

## CLAIM THREE

Claim three is moot, in view of this Court's resolution of claim one.

## CLAIM FOUR

In claim four, petitioner asserts *State v. Foster, supra*, violates the Ex Post Facto Clause and the Double Jeopardy Clause. This claim is premature. The state trial court has not re-sentenced petitioner, and petitioner cannot now demonstrate that any sentence imposed may be constitutionally prohibited.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus conditionally be **GRANTED** on petitioner's claim two, in which he asserts that his sentence violated *Blakely*, that petitioner's sentence be **VACATED** and the State be directed to re-sentence petitioner within sixty days or release him. The Magistrate Judge further **RECOMMENDS** that the remainder of petitioner's claims be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this

Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                  /s/ Terence P. Kemp
                                                  United States Magistrate Judge