**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MONTEZ MICKENS,**

**CASE NO. 2:07-cv-421
JUDGE SMITH**

          **Petitioner,**

**MAGISTRATE JUDGE KEMP**

**v.**

**ERNIE MOORE, Warden,**

          **Respondent.**

<u>**OPINION AND ORDER**</u>

On April 9, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 conditionally be granted on claim two, in which petitioner asserts that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), and that the remainder of petitioner's claims be dismissed. Both petitioner and respondent have filed objections to the Magistrate Judge's *Report and Recommendation*. Petitioner also has filed a reply to respondent's objections. For the reasons that follow, the objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. The petition for a writ of habeas corpus conditionally is **GRANTED** on petitioner's claim that his sentence violated *Blakely*. Petitioner's sentence is **VACATED**; the State must re-sentence petitioner within sixty (60) days or release him. The remainder of petitioner's claims hereby are **DISMISSED.**

Petitioner contends that *Blakely* requires this Court to direct the state courts to impose the shortest prison term for his offenses of conviction rather than re-sentence him. Petitioner also objects to the Magistrate Judge's recommendation of dismissal of claim four

as premature. Petitioner does not object to the Magistrate Judge's recommendations of dismissal of claims one and three.

Petitioner's objections are **OVERRULED.** Nothing in *Blakely* prohibits the trial court from re-sentencing petitioner without making factual findings neither admitted by the defendant nor reflected by a jury's verdict. *See Blakely v. Washington*, 542 U.S. at 303-304. Further, this Court agrees that petitioner's claim that his re-sentencing will violate the Double Jeopardy or Ex Post Facto Clause is not now properly before this Court. As noted by the Magistrate Judge, the state trial court has not yet re-sentenced petitioner, and therefore he cannot now demonstrate that such a sentence is constitutionally prohibited. Further, such claim must be presented to the state courts before petitioner may seek federal habeas corpus relief. 28 U.S.C. 2254(b), (c).

Respondent objects solely to the Magistrate Judge's recommendation that the petition for a writ of habeas corpus conditionally be granted on petitioner's claim that his sentence violated *Blakely*. Respondent contends that the trial court sentenced petitioner solely on permissible facts under *Blakely, i.e.*, facts admitted by the defendant as a part of his guilty plea or based upon petitioner's prior record. While this Court agrees the trial court discussed both of the foregoing in justifying imposition of maximum consecutive sentences, the trial court also stated that the sentence was based upon the victim's letter regarding the impact of petitioner's crimes on his family; petitioner's failure to consider the consequences of his acts or consequences to the victims; and based upon a finding that petitioner was the director of the events at issue. *Sentencing Transcript, Exhibit 31 to Return*

*of Writ,* at 40-44.  These facts were neither admitted by defendant nor  involved his prior criminal record, and thus violated *Blakely*.  Respondent also again argues that any error under *Blakely* was harmless.  For the reasons discussed by the Magistrate Judge, this Court does not agree.  Respondent's objections therefore are **OVERRULED**.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*.  After careful consideration of the entire record, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, the objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  The petition for a writ of habeas corpus conditionally is **GRANTED** on petitioner's claim that his sentence violated *Blakely*.  Petitioner's sentence is **VACATED**; the State must re-sentence petitioner within sixty (60) days or release him.  The remainder of petitioner's claims hereby are **DISMISSED.**

**IT IS SO ORDERED.**

   \s\ George C. Smith
GEORGE C. SMITH
United States District Judge

3